IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

ROSEMARY CHAVEZ,

    Plaintiff,

v.                                        CASE NO. 1:11-cv-90-SPM-GRJ

FLORIDA COMMISSION ON HUMAN
RELATIONS, et al.,

    Defendants.

_____/

## REPORT AND RECOMMENDATION

This matter is before the Court on Plaintiff's *pro se* complaint (Doc. 1) and Plaintiff's Motion to Proceed *In Forma Pauperis.* (Doc. 2) From a review of the complaint, the facts as presented fail to state a claim upon which relief can be granted. Accordingly, it is respectfully **RECOMMENDED** that the Motion to Proceed *In Forma Pauperis* (Doc. 2) should be **DENIED** and this case should be **DISMISSED**.

### I. Introduction

Plaintiff filed a complaint on the Court's "Civil Rights Complaint Form To Be Used By Pro Se (Non-Prisoner) Litigants In Actions Under 28 U.S.C. § 1331 or § 1346 or 42 U.S.C. § 1983" against the Florida Commission on Human Relations (FCHR) and six individual employees of FCHR. (Doc. 1.)

Plaintiff takes issue with the FCHR's handling of her claims of discrimination against former employers. In her complaint Plaintiff purports to bring claims for violation of her dignity, right to be safe at work, right for a proper hearing, right to see records from her investigation, and her right to a hearing in this Court. Plaintiff seeks

$1-10 million she alleges was lost in her discrimination cases.  (Doc. 1).

## II.  Standard of Review

The screening process under 28 U.S.C. §1915 applies to non-prisoner *pro se* litigants who are proceeding *in forma pauperis*.  Boyington v. Geo Group, Inc., 2009 WL 3157642 (M.D. Fla.), *citing* Troville v. Venz, 303 F.3d 1256, 1260 (11th Cir. 2002) (dismissals under 28 U.S.C. 1915 apply to non-prisoners, even if fee assessment provisions do not).  In order to authorize a litigant to proceed *in forma pauperis*, the court must make two determinations: first, whether the litigant is unable to pay the costs of commencing this action; and second, whether the action is frivolous or malicious." Dycus v. Astrue,  2009 WL 47497, at *1 (S.D. Ala.2009).  An application to proceed *in forma pauperis* may be denied if the plaintiff either fails to satisfy the poverty requirement or if plaintiff's claim is frivolous. Martinez v. Kristi Kleaner's Inc., 364 F.3d 1305, 1306 (11th Cir.2004); see also Attwood v. Singletary, 105 F.3d 610, 613 (11th Cir.1997) (stating that a court may dismiss the case if the allegation of poverty is untrue, or if satisfied that the action is frivolous or malicious).

A claim is frivolous if it is based on an indisputably meritless legal theory. Neitzke v. Williams, 490 U.S. 319, 317 (1989) (applying section 1915). This circuit has defined a frivolous appeal under section 1915 as being one  'without arguable merit. " Harris v. Menendez, 817 F.2d 737, 739 (11th Cir.1987) (quoting Watson v. Ault, 525 F.2d 886 892 (5th Cir.1976)).  'Arguable means capable of being convincingly argued. "Moreland v. Wharton, 899 F.2d 1168, 1170 (11th Cir.1990) (per curiam) (*quoting* Menendez, 817 F.2d at 740 n. 5); see Clark v. State of Ga. Pardons and Paroles Bd., 915 F.2d 636, 639 (11th Cir. 1990) (lawsuit is frivolous if the plaintiff's chances of ultimate success are

slight); see also Weeks v. Jones, 100 F.3d 124, 127 (11th Cir.1996) (stating that [f]actual allegations are frivolous for purpose of [28 U.S.C.] 1915(d) when they are clearly baseless; legal theories are frivolous when they are indisputably meritless. ") (citations omitted).

A court may *sua sponte* dismiss a case proceeding *in forma pauperis* if the complaint fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915A. The complaint's [f]actual allegations must be enough to raise a right to relief above the speculative level. Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007); see also Cobb v. Florida, 293 Fed. Appx. 708 (11th Cir. 2008) (applying Twombly to a prisoner's *pro se* complaint brought under 42 U.S.C. §1983 and dismissing the claim pursuant to 28 U.S.C. §1915A). "The Supreme Court's most recent formulation of the pleading specificity standard is that 'stating such a claim requires a complaint with enough factual matter (taken as true) to suggest' the required element." Watts v. Florida International University, 495 F.3d 1289, 1295 (11th Cir. 2007). This standard simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of the required element. Twombly, at 1965. In reviewing the dismissal of a complaint under the 28 U.S.C. 1915A(b)(1), this court accepts allegations in the complaint as true, and pro se pleadings are liberally construed. Brown v. Johnson, 387 F.3d 1344, 1350 (11th Cir. 2004).

### III. Discussion

As discussed below Plaintiff's complaint is due to be dismissed because it fails to state a claim for relief under § 1983. Plaintiff appears to challenge the determination of a state agency (FCHR) and the conduct of its employees during its investigations.

Her claims include violations of her dignity, right to be safe at work, right for a proper hearing, right to see records from her investigation, and her right to a hearing in this Court. (Doc. 1). The majority of the complaint is a series of conclusory allegations asserted by Plaintiff. The specific facts she alleges as demonstrative of Defendants' wrongdoing include: asking questions from a later time period than her allegations of discrimination; not following the chronological date of occurrences; refusing to submit in writing an order related to a case against Piesanos Stone Fired Pizza; and ignoring requests for copies.

Even viewing the complaint in the light most favorable to Plaintiff, and liberally construing the allegations, Plaintiff has failed to state a cognizable cause of action under § 1983. "A successful section 1983 action requires a showing that the conduct complained of (1) was committed by a person acting under the color of state law and (2) deprived the complainant of rights, privileges, or immunities secured by the Constitution or laws of the United States." Harvey v. Harvey, 949 F.2d 1127, 1130 (11th Cir. 1992). Plaintiff has failed to allege any claim based upon a violation of any rights secured by the Constitution or laws of the United States. The proper recourse for seeking judicial review of the decision of an administrative agency is outlined in the Florida Administrative Procedure Act, Fla. Stat. § 120.68. Accordingly, the Court concludes that Plaintiff's complaint fails to state a claim for relief under § 1983 and her case should be dismissed.

## IV.  Recommendation

For these reasons, it is respectfully **RECOMMENDED** that the Motion to Proceed *In Forma Pauperis* (Doc. 2) should be **DENIED** and this cause should be

*Case No: 1:11-cv-90-SPM-GRJ*

**DISMISSED** for failing to state a claim for relief.

At Gainesville, Florida, this 8th day of September 2011.

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

**NOTICE TO THE PARTIES**

Pursuant to Fed. R. Civ. P. 72(b)(2), a party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 14 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.